UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Joseph L. Mule,

        Plaintiff

v.

Nevada Department of Corrections Staff, *et al.*,

        Defendants

Case No. 2:23-cv-00083-CDS-DJA

**Order Deferring Ruling on Motion for Injunctive Relief and Directing Nevada Attorney General's Office to Make a Limited Appearance**

Pro se plaintiff Joseph L. Mule, who is presently incarcerated at High Desert State Prison, moves for injunctive relief ordering defendant Nevada Department of Corrections (NDOC) to arrange for an examination of Mule's worsening medical condition. *See generally* ECF No. 5. He requests both an ex parte temporary restraining order (TRO) and a preliminary injunction. *Id.* But Mule does not satisfy the procedural requirements to obtain an ex parte temporary restraining order. I may issue a temporary restraining order without notice to the adverse party "only if . . . the movant's attorney certifies in writing any efforts made to give notice **and** the reasons why [notice] should not be required." Fed. R. Civ. P. 65(b)(1) (emphasis added). Mule does not explain why relief cannot wait until the defendants have appeared in the case and are permitted to be heard. "The stringent restrictions imposed . . . by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974). Ex parte temporary restraining orders—those issued without a response from the opposing party—thus "should be restricted to . . . preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Id.* "Consistent with this overriding concern, courts have recognized very few circumstances justifying the issuance of an

ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

At this juncture, I defer ruling on Mule's request for injunctive relief, and I direct the defendants to make a limited appearance in this case to respond to Mule's motion. Candidly, the facts that Mule alleges are quite troubling. He claims that NDOC and the other named defendants have been indifferent to his medical needs and conspired to deny him adequate medical care. ECF No. 1-1 at 5. He also alleges that he attempted to complain of defendants' behavior previously, but two of the defendants denied him access to this court by destroying his first complaint instead of e-filing it. *Id.* at 7. However, none of the defendants have yet been served in this lawsuit. And a "motion for preliminary injunction cannot be decided until the parties to the action are served." *Harnden v. Perez*, 2021 WL 7367123, at *2 (N.D. Cal. Dec. 8, 2021) (citing *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983) (explaining that an injunction may "affect only those persons over which [the court] has power")). I thus order the defendants to make a limited appearance and to respond to Mule's motion (ECF No. 5) by **Monday, February 13, 2023**.

**Conclusion**

IT IS HEREBY ORDERED that the Clerk of Court must issue a copy of this order, the complaint (ECF No. 1), and Mule's motion (ECF No. 5) with all of its attachments, to the Nevada Attorney General's Office and the warden of High Desert State Prison by adding those parties to the docket sheet. This does not indicate acceptance of service.

IT IS FURTHER ORDERED that the Nevada Attorney General's Office, on behalf of the defendants, must make a limited appearance and file a response in this matter by **Monday, February 13, 2023.**

IT IS SO ORDERED.

DATED: February 9, 2023

_____
Cristina D. Silva
United States District Judge